**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN M. HINKLE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 11-2652-JTM** |
| ) | |
| **MID-CONTINENT CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for leave to file an amended answer. (Doc. 22). For the reasons set forth below, the motion shall be granted.

### Background

This is a declaratory action involving the interpretation of an insurance contract. Highly summarized, plaintiffs own a home in Stilwell, Kansas that was built by R&S Smith Construction Company ("R&S") in 2006. Issues developed concerning the foundation of the house and R&S hired Kansas City Master Companies, a subcontractor, to correct the structural issues. During the construction repairs, Kansas City Master determined that the original measurements were incorrect and that the plans to repair the foundation were inappropriate. Plaintiffs then sued R&S in state court and obtained a judgment for $171,800.

After plaintiffs learned that defendant had issued insurance policies to R&S, they filed

this declaratory action seeking a determination that one or more of the insurance policies covers plaintiffs' state court judgment. Defendant denied coverage for the judgment or any other liability to plaintiffs and now seeks leave to amend its answer to "clarify" one of its defenses. The amendment is described in greater detail below.

**Defendant's Motion for Leave to Amend (Doc. 22)**

Defendant seeks leave to amend its answer to specifically mention "Endorsement 2294," a provision that excludes coverage for work performed by R&S *or its subcontractors.* Plaintiffs oppose the motion, arguing undue delay, prejudice, and bad faith.

The standard for permitting a party to amend its pleading is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire,

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

81 F.3d 969, 973 (10th Cir. 1996). The objections to the proposed amendments are discussed in greater detail below.

Plaintiffs argue that defendant has engaged in "undue delay" and "bad faith" because defendant knew the facts upon which the proposed amendment is based before suit was filed. Specifically, plaintiffs contend that defendant advised R&S in (1) a March 6, 2008 letter, (2) a November 2009 letter, and (3) an April 26, 2010 letter that coverage did not extend to work performed by subcontractors. Notwithstanding this knowledge, plaintiffs assert that defendant did not mention Endorsement 2294 in its original answer and should not be allowed to belatedly assert a new affirmative defense at this stage of the lawsuit. Defendant argues that it has not engaged in undue delay or bad faith because it has always denied insurance coverage and is merely identifying a specific policy provision.[2]

Plaintiffs' undue delay and bad faith arguments are not persuasive. Defendant's insurance relationship is with R&S and, as plaintiffs note above, R&S was advised three times before this lawsuit was filed that coverage did not extend to work performed by R&S or its subcontractors. Equally important, defendant included Endorsement 2294 in its initial Rule 26(a) disclosures to plaintiffs. Given defendant's consistent denial of coverage and Rule 26(a) disclosure of Endorsement 2294, the court is not persuaded that defendant has engaged in undue delay or bad faith. Rather, the proposed amendment directs plaintiffs to a specific provision of the insurance policy which supports defendant's denial of coverage.

---

[2] Plaintiffs assume, without analysis or citation to legal authority, that the terms of an insurance policy are an affirmative defense in a declaratory action. The court will assume, without deciding, that the language in issue is a part of an affirmative defense.

-3-

Plaintiffs also argue that they will be prejudiced because they have filed their motion for summary judgment and the proposed amendment will require additional discovery. The summary judgment argument is summarily rejected because defendant filed its motion to amend on **May 17, 2012** and plaintiffs, <u>with</u> knowledge of the pending motion to amend, filed their summary judgment motion on **June 8, 2012.** The deadline for moving for summary judgment is **July 27, 2012** and it could be argued that plaintiffs filed their summary motion to create the appearance of prejudice. The argument concerning additional discovery is also not persuasive but, out of an abundance of caution, the court will entertain a motion to extend the discovery deadlines to avoid any prejudice to plaintiffs.

As noted above, the spirit of the federal rules of civil procedure encourages decisions on the merits rather than on technicalities. Plaintiffs' objections are hyper-technical arguments which are contrary to the spirit of the rules of civil procedure.

**IT IS THEREFORE ORDERED** that defendant's motion to amend its answer **(Doc. 22)** is **GRANTED.** Defendant shall file its amended answer by **July 10, 2012.**

**IT IS FURTHER ORDERED** that the parties shall confer concerning amendments to the scheduling order and submit their recommendations to the court by **July 16, 2012.** The court will determine the need for a scheduling conference after review of the parties' report.

-5-

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of July 2012.

           S/ Karen M. Humphreys
           _____
           KAREN M. HUMPHREYS
           United States Magistrate Judge